# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

ELLIS JEROME LARD,    )
            )
      Plaintiff,  )
            )
    vs.     )
            )  Case No. 2:14-cv-0031-WTL-WGH
LT. TUSSEY, *et al.*    )
     Defendants.  )

## Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment

### I. Background

Ellis Jerome Lard ("Mr. Lard") is a federal prisoner who at all times relevant to the complaint was confined at the Federal Correctional Complex in Terre Haute, Indiana ("FCC-TH"). He is now confined at the Greenville Federal Correctional Institution. Mr. Lard alleges that on or about January 10, 2013, he was subjected to excessive force by the correctional officer defendants in violation of his Eighth Amendment rights. He seeks compensatory damages.

The defendants have filed a motion for summary judgment seeking resolution of the claims against them based on their affirmative defense that Mr. Lard failed to exhaust his available administrative remedies prior to filing this action. Mr. Lard has not responded to the motion for summary judgment and the deadline for doing so has passed.

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 27] is **granted.**

## II. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

## III. Discussion

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Lard failed to exhaust all available administrative remedies before he filed this suit. The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Lard on August 6, 2014. *See* dkts. 26-28. As noted, no response has been filed, and the deadline for doing so has passed. The consequence is that Mr. Lard has conceded to the defendants' version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a motion for summary judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, but does "[r]educ[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Applying the standards set forth above, the defendants have shown the following:

Mr. Lard was housed at FCC-TH from June 11, 2008, through October 6, 2009, and again from November 1, 2012, through May 12, 2014.

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates. The administrative remedy process is a method by which an

inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R § 542.10. To properly exhaust his remedies, an inmate must first file an informal remedy request through appropriate institution staff members (BP-8). If the inmate is not satisfied with the informal remedy response, he is first required to address his complaint within twenty (20) calendar days to the Warden (BP-9). 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director (BP-10) within twenty calendar days of the date of the Warden's response. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel (BP-11) within thirty (30) calendar days of the Regional Director's response. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all three required levels, his administrative remedies are exhausted as to the specific issue(s) raised.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Additionally, administrative remedy filing procedures are outlined in the inmate Information Handbook provided to all inmates upon initial intake at the FCC-TH.

Mr. Lard filed a total of fifty-five (55) administrative remedy requests since he began his term of incarceration. The alleged excessive force alleged in the amended complaint occurred in January 10, 2013. Mr. Lard, however, filed only two requests for administrative remedy between the alleged date of the occurrence and the filing of this lawsuit. The subject of those remedies do not pertain to the allegations set forth in the amended complaint.

On October 7, 2013, Mr. Lard filed remedy number 755492-F1 at the institution level (BP-9) claiming "Wants Jail Time Credit." This filing was closed November 23, 2013. On December 26, 2013, Mr. Lard filed remedy 755492-R1 at the regional level (BP-10) appealing

the Warden's response to his claim of "Wants Jail Time Credit." This filing was closed on December 31, 2013. Mr. Lard did not pursue this remedy to the BP 11 stage at the Central Office and therefore did not exhaust the issue. Since then, Mr. Lard filed no other remedy requests as of the date this action was filed on February 10, 2014. In addition, in response to the statement on his amended complaint, "I have previously exhausted available administrative remedies regarding the events or acts complained of" in this complaint, Mr. Lard stated "No."

These undisputed facts show that Mr. Lard did not file any administrative remedies relating to the allegations made in the amended complaint. The defendants have met their burden of proving that Mr. Lard had available administrative remedies that he did not use. Given his failure to respond to the motion for summary judgment, Mr. Lard has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by the defendants. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Lard's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.  Conclusion

For the reasons explained above, the defendants' motion for summary judgment [dkt. 27] is **granted.** Judgment consistent with this Entry and with the Entry of April 21, 2014, shall now issue.

**IT IS SO ORDERED.**

Date:  10/22/14

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ellis Jerome Lard
10137-026
FCI - Greenville
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246

Electronically registered counsel